1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL B. PRYOR,                        No.  2:14-cv-1521 KJN P

12                     Petitioner,

13        v.                                  ORDER

14   SPEARMAN,

15                     Respondent.

16

17   I.  Introduction

18        Petitioner is a former state prisoner, proceeding without counsel and in forma pauperis.

19   Petitioner filed an application for petition of writ of habeas corpus pursuant to 28 U.S.C. § 2254.

20   Both parties consented to proceed before the undersigned for all purposes.  See 28 U.S.C.

21   § 636(c).  Pending before the court is respondent's motion to dismiss the habeas petition as barred

22   by the statute of limitations.  For the reasons set forth below, respondent's motion should be

23   granted.

24   II.  Legal Standards

25        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

26   petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the

27   petitioner is not entitled to relief in the district court. . . ."  Id.  The Court of Appeals for the Ninth

28   Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under

1

1    Rule 4 of the Rules Governing § 2254 Cases.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420

2    (1991).  Accordingly, the court will review respondent's motion to dismiss pursuant to its

3    authority under Rule 4.

4         On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was

5    enacted.  Section 2244(d)(1) of Title 8 of the United States Code provides:

6           A 1-year period of limitation shall apply to an application for a writ
            of habeas corpus by a person in custody pursuant to the judgment of
7           a State court.  The limitation period shall run from the latest of –

8                (A) the date on which the judgment became final by the
            conclusion of direct review or the expiration of the time for seeking
9           such review;

10               (B) the date on which the impediment to filing an
            application created by State action in violation of the Constitution
11          or laws of the United States is removed, if the applicant was
            prevented from filing by such State action;
12
                 (C) the date on which the constitutional right asserted was
13          initially recognized by the Supreme Court, if that right has been
            newly recognized by the Supreme Court and made retroactively
14          applicable to cases on collateral review; or

15               (D) the date on which the factual predicate of the claim or
            claims presented could have been discovered through the exercise
16          of due diligence.

17   28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) provides that "the time during which a properly filed

18   application for State post-conviction or other collateral review with respect to the pertinent

19   judgment or claim is pending shall not be counted toward" the limitations period.  28 U.S.C.

20   § 2244(d)(2).

21        Section 2244(d)(2) provides that "the time during which a properly filed application for

22   State post-conviction or other collateral review with respect to the pertinent judgment or claim is

23   pending shall not be counted toward" the limitations period.  28 U.S.C. § 2244(d)(2).  Generally,

24   this means that the statute of limitations is tolled during the time after a state habeas petition has

25   been filed, but before a decision has been rendered.  Nedds v. Calderon, 678 F.3d 777, 780 (9th

26   Cir. 2012).  However, "a California habeas petitioner who unreasonably delays in filing a state

27   habeas petition is not entitled to the benefit of statutory tolling during the gap or interval

28   preceding the filing."  Id. at 781 (citing Carey v. Saffold, 536 U.S. 214, 225-27 (2002)).

1    Furthermore, the AEDPA "statute of limitations is not tolled from the time a final decision is

2    issued on direct state appeal and the time the first state collateral challenge is filed because there

3    is no case 'pending' during that interval." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999),

4    overruled on other grounds by Carey, 536 U.S. at 214.  Thus, "[t]he period between a California

5    lower court's denial of review and the filing of an original petition in a higher court is tolled --

6    because it is part of a single round of habeas relief -- so long as the filing is timely under

7    California law." Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010).  However, when, as here, a

8    petitioner has filed multiple state habeas petitions, "[o]nly the time period during which a round

9    of habeas review is pending tolls the statute of limitation; periods between different rounds of

10   collateral attack are not tolled."[1] Banjo, 614 F.3d at 968 (citation omitted).

11        Generally, a gap of 30 to 60 days between state petitions is considered a "reasonable time"

12   during which the statute of limitations is tolled, but six months is not reasonable.  Evans v.

13   Chavis, 546 U.S. 189, 210 (2006) (using 30 to 60 days as general measurement for

14   reasonableness based on other states' rules governing time to appeal to the state supreme court);

15   Carey, 536 U.S. at 219 (same); Waldrip v. Hall, 548 F.3d 729, 731 (9th Cir. 2008) (finding that

16   six months between successive filings was not a "reasonable time").

17        State habeas petitions filed after the one-year statute of limitations has expired do not

18   revive the statute of limitations and have no tolling effect.  Ferguson v. Palmateer, 321 F.3d 820,

19   823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that

20   has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

21   _____

22   [1]  The Ninth Circuit has articulated a "two-part test to determine whether the period between the
     denial of one petition and the filing of a second petition should be tolled.  First, we ask whether

23   the petitioner's subsequent petitions are limited to an elaboration of the facts relating to the claims
     in the first petition.  If the petitions are not related, then the subsequent petition constitutes a new

24   round of collateral attack, and the time between them is not tolled.  If the successive petition was
     attempting to correct deficiencies of a prior petition, however, then the prisoner is still making

25   "proper use of state court procedures," and habeas review is still pending.  Second, if the
     successive petition was not timely filed, the period between the petitions is not tolled." Banjo,

26   614 F.3d at 968-69 (citations and internal quotation marks omitted).  In Hemmerle v. Schriro, 495

27   F.3d 1069, 1075 (9th Cir. 2007), the Ninth Circuit explained that "[i] the petition was denied on
     the merits, we will toll the time period between the two properly-filed petitions; if it was deemed

28   untimely, we will not." Id. at 1075.

1    III.   <u>Chronology</u>

2           For purposes of the statute of limitations analysis, the relevant chronology of this case is

3    as follows:

4           1.  On April 5, 2011, a jury convicted petitioner of cultivation, possession, and

5    transportation of marijuana.   (Respondent's Lodged Document ("LD") 1.)

6           2.  Petitioner was sentenced to a state prison term of nine years.  (LD 1.)

7           3.  Petitioner filed an appeal, and on August 28, 2012, the California Court of Appeal,

8    Third Appellate District, affirmed the conviction.  (LD 1.)

9           4.  Petitioner filed a petition for review in the California Supreme Court, and on October

10   31, 2012, the petition was denied without comment.  (LD 2-3.)

11          5.  On December 4, 2013,[2] petitioner filed his first petition for writ of habeas corpus in the

12   Tehama County Superior Court.  (LD 4.)  On December 20, 2013, the Tehama County Superior

13   Court denied the petition in a reasoned decision.  (LD 5.)

14          6.  On January 21, 2014, petitioner filed a second petition for writ of habeas corpus in the

15   Tehama County Superior Court.[3]  (LD 6.)  On February 25, 2014, the Tehama County Superior

16   Court denied the petition as successive, citing <u>In re Clark</u>, 5 Cal.4th 750, 774 (1993).  (LD 7.)

17          7.  On February 4, 2014,[4] petitioner filed a third petition for writ of habeas corpus in the

18   California Court of Appeal for the Third Appellate District.  (LD 8.)  On February 13, 2014, the

19   Court of Appeal denied the petition without comment.  (LD 9.)

20   ////

21   ////

22   _____

23   [2]  All of petitioner's state court filings were given benefit of the mailbox rule.  <u>See</u> <u>Campbell v.
     Henry</u>, 614 F.3d 1056, 1059 (9th Cir. 2010) (under the mailbox rule, the petition is deemed filed

24   when handed to prison authorities for mailing).

25   [3]  Although the caption references the "State of California, Third Appellate District," and the
     certificate of service references the appellate court and the Tehama County Superior Court, the

26   petition was filed-stamped in the Tehama County Superior Court.  (LD 6.)

27   [4]  It appears that petitioner initially mailed this petition on January 21, 2014, but sent it to the
     wrong appellate court address.  (LD 8 at 27.)  Petitioner then re-sent the petition to the correct

28   appellate court address on February 4, 2014.  (LD 8 at 27.)

1    8.  On April 9, 2014, petitioner filed a fourth petition for writ of habeas corpus in the

2  California Supreme Court.  (LD 10.)  On May 14, 2014, the California Supreme Court denied the

3  petition without comment.  (LD 11.)

4    9.  On June 5, 2014, petitioner signed a document styled, "Request for Stay and Abeyance

5  -- Protective Order with Leave to and Resubmit Perfected Federal Habeas Corpus Petition

6  following Receipt of Reporter's Transcript."  (ECF No. 1 at 1, 12.)

7    10.  By order filed July 1, 2014, petitioner was advised that in order to commence an

8  action, he must file a petition for writ of habeas corpus as required by Rule 3 of the Rules

9  Governing Section 2254 cases.  (ECF No. 6 at 1.)  Because no petition was filed, the court was

10  unable to determine whether petitioner was entitled to stay the action, his request for stay was

11  denied, and he was granted thirty days to file a petition.  (ECF No. 6 at 4.)  Petitioner was

12  cautioned as to the one year statute of limitations for filing non-capital habeas corpus petitions in

13  federal court.  (ECF No. 6 at 4 n.1.)

14    11.  On July 23, 2014, petitioner signed the instant federal petition.  See Rule 3(d) of the

15  Federal Rules Governing Section 2254 Cases.  Petitioner filed an opposition (ECF No. 24), and

16  respondent filed a reply (ECF No. 28).  On December 23, 2014, petitioner filed a surreply.  (ECF

17  No. 29.)  Respondent did not object to the filing of a surreply.

18  IV.  Statutory Tolling

19    The California Supreme Court denied the petition for review on October 31, 2012.

20  Petitioner's conviction became final ninety days later, on January 29, 2013, when the time for

21  seeking certiorari with the United States Supreme Court expired.  Bowen v. Roe, 188 F.3d 1157

22  (9th Cir. 1999).  The AEDPA statute of limitations period began to run the following day, on

23  January 30, 2013.  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  Absent tolling,

24  petitioner's last day to file his federal petition was on January 30, 2014.

25    1.  The First Petition

26    The statute of limitations period began to run on January 30, 2013, and the clock stopped

27  once petitioner filed his first petition for writ of habeas corpus in the Tehama County Superior

28  ////

1 Court on December 4, 2013.  By December 4, 2013, 308 days of the one year limitations period

2 had expired.

3       2. <u>The Second Petition</u>

4       On January 21, 2014, petitioner filed a second petition in the Tehama County Superior

5 Court, which was denied as successive.

6       Where a petitioner elects to begin a second round of petitions in the superior court before

7 completing a full round of review through the highest available state court, petitioner may be

8 entitled to interval tolling between the first and second superior court petitions if the second

9 petition is timely, and "the successive petition was attempting to correct deficiencies of a prior

10 petition," because the petitioner "is still making proper use of state court procedures and habeas

11 review is still pending." <u>See</u> <u>Banjo</u>, 614 F.3d at 968-69.  A second round of properly filed

12 California habeas petitions may also toll the § 2244(d)(1) period if the second is filed before the

13 federal deadline expires; however, a second round will not toll the AEDPA deadline if the second

14 petition is "untimely or an improper successive petition."  <u>See</u> <u>Porter v. Ollison</u>, 620 F.3d 952,

15 958 (9th Cir. 2010) ("For tolling to be applied based on a second round, the petition cannot be

16 untimely or an improper successive petition.).

17       Under California law, "[i]t has long been the rule that absent a change in the applicable

18 law or the facts, the [state] court[s] will not consider repeated applications for habeas corpus

19 presenting claims previously rejected."  <u>In re Clark</u>, 5 Cal.4th 750, 767, 21 Cal.Rptr.2d 509

20 (1993).  "The court has also refused to consider newly presented grounds for relief which were

21 known to the petitioner at the time of a prior collateral attack on the judgment."  <u>Id.</u> at 767-68.  In

22 <u>Clark</u>, the California Supreme Court went on to state, "[a] successive petition presenting

23 additional claims that could have been presented in an earlier attack on the judgment is, of

24 necessity, a delayed petition."  <u>Id.</u> at 770.

25       Here, the superior court expressly found the petition was successive (LD 7), and

26 comparison of the two petitions filed in the superior court demonstrates that both petitions raised

27 the same claims.  Thus, petitioner is not entitled to statutory tolling for his second habeas petition

28 because the second petition was not properly filed within the meaning of 28 U.S.C. § 2244(d)(2).

6

1            2.  Third and Fourth State Court Petitions

2            Respondent does not argue that the third or fourth petitions were improperly filed.

3    Indeed, both the third and fourth petitions were filed within a reasonable time.  Thus, petitioner is

4    entitled to tolling for the pendency of his third and fourth petitions.

5            3.  Statutory Tolling

6            Because petitioner's first, third, and fourth petitions were properly filed, and the third and

7    fourth petitions were filed within a reasonable time from the first and third filings, petitioner is

8    entitled to tolling during the pendency of his first, third and fourth petitions, from December 4,

9    2013, when he signed his first petition, through May 14, 2014, the date the fourth petition was

10   denied by the California Supreme Court.  As set forth above, 308 days of the limitations period

11   had expired by December 4, 2013, leaving petitioner 57 days to file his federal petition.  The

12   limitations period began to run anew on May 15, 2014, and expired on July 11, 2014.  However,

13   petitioner did not sign the instant petition until July 23, 2014, twelve days after the limitations

14   period expired.  State habeas petitions filed after the one-year statute of limitations has expired

15   cannot revive the statute of limitations and have no tolling effect.  Ferguson, 321 F.3d at 823.

16   Thus, petitioner failed to file his federal petition within the one year statute of limitations period.

17   V.  Alternative Date of Filing Federal Petition

18           Petitioner argues that his initial filing, signed June 5, 2014, was his original federal

19   petition, and that the subsequent petition, signed on July 23, 2014, was his amended petition.

20   Respondent counters that petitioner's initial filing was not a petition, but was a request for stay

21   and abeyance.

22           There was no timely petition pending on June 26, 2014, the date that this action was

23   opened.  Petitioner had only filed a request for a stay and abeyance, which cannot be considered a

24   petition.  Specifically, a petition for a writ of habeas corpus must:  "1) specify all the grounds for

25   relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief

26   requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of

27   perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C.

28   § 2242."  Rules Governing Section 2254 Cases, Rule 2.  Petitioner's request for a stay and

7

1   abeyance did not meet the above requirements.  Petitioner could have remedied his situation by

2   filing a "protective" petition, along with his motion for stay and abeyance, but he did not do so.

3   See Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (Prisoners may avoid the risk of having the

4   federal statute of limitations expire while they are exhausting their state remedies by filing a

5   "protective" petition in federal court and asking the federal court to stay and abey the federal

6   habeas proceedings until state remedies are exhausted.).  As such, no petition was pending at the

7   time the present action was opened on June 26, 2014.  Therefore, at that time it was not a

8   "pending" case for habeas corpus relief and it did not toll the limitations period because his initial

9   filing did not constitute a challenge to his conviction.  Cf. Woodford v. Garceau, 538 U.S. 202,

10  210 (2003) (request for counsel in capital case is not equivalent to an actual habeas petition for

11  purpose of determining whether AEDPA applies -- "a case does not become 'pending' until an

12  actual application for habeas corpus relief is filed in federal court."); see also Braggs v. Walker,

13  2011 WL 2709847, *2 (N.D. Cal. 2011) (although the filing of a letter and request for an

14  extension of time commenced the federal action, the filing did not constitute a "pending" habeas

15  petition, and thus the limitations period was not tolled); Miles v. Grounds, 2013 WL 2337912,

16  **4-5 (E.D. Cal. May 28, 2013) (petitioner's correspondence with court and motions for

17  extensions of time "cannot be considered petitions for writ of habeas corpus" for purposes of

18  tolling limitations period); Alexander v. Uribe, 2012 WL 2872809, **2 (E.D. Cal. July 12, 2012)

19  (petitioner's motion for extension of time commenced action, but it did not challenge the merits

20  of his conviction, thus district court considered whether action is timely based on date petitioner

21  filed his petition rather than the motion); Scott v. Swarthout, 2012 WL 2839804, *22 (E.D. Cal.

22  July 10, 2012) ("motion to toll time" did not toll limitations period).  Accordingly, the court

23  considers whether this action is timely based on the date petitioner signed his petition on July 23,

24  2014, rather than on the date he signed his request for stay and abeyance.  See id.

25      As set forth above, petitioner had until July 11, 2014, to file a timely petition.  Therefore,

26  the instant petition, filed on July 23, 2014, was filed after the statute of limitations expired, and

27  could not revive the limitations period.

28  ////

VI.  Equitable Tolling

Equitable tolling is available to toll the one-year statute of limitations available to 28 U.S.C. § 2254 habeas corpus cases.  Holland v. Florida, 130 S. Ct. 2549, 2560 (2010).  A litigant seeking equitable tolling must establish:  (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way.  Pace, 544 U.S. at 418.  The Ninth Circuit has explained:

> To apply the doctrine in "extraordinary circumstances" necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances "stood in his way" suggests that an external force must cause the untimeliness, rather than, as we have said, merely "oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.

Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.) (internal citation omitted), cert. denied, 130 S. Ct. 244 (2009); see also Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003) (petitioner must show that the external force caused the untimeliness).  It is petitioner's burden to demonstrate that he is entitled to equitable tolling.  Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005).

A.  July 1, 2014 Order

To the extent that petitioner argues that the court's initial order granting petitioner thirty days in which to file his petition somehow provides equitable tolling, such argument is unavailing.  Petitioner must show that he was pursuing his rights diligently and was prevented from filing by some extraordinary circumstance.  The August 5, 2014 order did not provide petitioner with equitable tolling, and indeed warned him of the one year statute of limitations period.  (ECF No. 6 at 4 n.1.)  As argued by respondent, such warning could not have misled petitioner into believing the limitations period was somehow extended by such order.

B.  Lack of Court Transcripts

Petitioner also contends, in conclusory fashion, that he was deprived of trial transcripts. (ECF No. 24 at 5.)  However, he does not set forth his specific efforts to obtain such transcripts.

Although the Ninth Circuit has observed that a counsel's failure to provide a copy of the transcript to a petitioner may warrant equitable tolling, this is only if the record shows that such

1   inability actually prevented petitioner from filing a collateral petition.  See, e.g., United States v.

2   Battles, 362 F.3d 1195, 1198 (9th Cir. 2004) (equitable tolling may be available where counsel

3   failed to promptly provide copy of case file causing delay in filing federal petition); Lott v.

4   Mueller, 304 F.3d 918, 924-925 (9th Cir. 2002) (equitable tolling applied because prisoner denied

5   access to his legal files).  However, if the petitioner has already discovered the factual predicate

6   for his claim or the transcripts are not necessary, equitable tolling is not warranted.  Battles, 362

7   F.3d at 1198.

8          In this instance, petitioner fails to demonstrate that it was impossible for him to file his

9   federal petition without the trial transcripts.  Indeed, his federal petition raises essentially the

10   same claims that he raised in his petitions for writ of habeas corpus filed in state court.  Petitioner

11   fails to show that the transcripts were a condition precedent to filing a collateral petition.  The

12   transcript itself does not provide the factual predicate of his claim of actual innocence; rather, it

13   was merely further documentary evidence to support such claim.  Moreover, the lack of the

14   transcript did not prevent the factual discovery of his claims, inasmuch as petitioner was aware of

15   such facts at the time of his 2011 trial.  For example, petitioner does not appear to argue that the

16   aerial photos would demonstrate that he was not cultivating marijuana.  (ECF No. 10 at 12-14.)

17   Rather, it appears petitioner contends he was authorized to cultivate the medical marijuana.  (Id.)

18   As the Tehama County Superior Court stated, the "defendant put forth evidence that he claimed

19   that he was lawfully in possession of the marijuana and the jury rejected it."  (Respondent's

20   Lodged Document 5 at 2.)  Thus, petitioner failed to demonstrate that the lack of trial transcripts

21   was the actual "but for" cause of his untimeliness, and equitable tolling is not warranted.  See,

22   e.g., Hereford v. McCaughtry, 101 F.Supp.2d 742, 745-746 (E.D. Wis. 2000) (not knowing about

23   claim until received transcript no excuse because ignores that petitioner knew about factual

24   predicate).

25          Accordingly, the undersigned finds that petitioner has not met his burden of demonstrating

26   the existence of grounds for equitable tolling.  See Pace, 544 U.S. at 418 (petitioner bears burden

27   of demonstrating grounds for equitable tolling); Espinoza-Matthews, 432 F.3d at 1026.

28   ////

1          C. Incorrect Form

2              In his surreply, petitioner appears to argue that the prison law library provided him with

3      the incorrect form for filing his initial petition.  (ECF No. 29 at 4.)  Petitioner contends that he

4      was provided the state form MC-275, which was the form provided by the law library.  (Id.)

5      However, the first twelve pages of petitioner's initial filing are typewritten on blank or pleading

6      paper, and, as set forth above, do not contain the information required to be construed as a

7      petition.  (ECF No. 1 at 1-12.)  The only MC-275 form provided was a copy of the petition for

8      writ of habeas corpus, signed by petitioner on March 13, 2014, and filed in the California

9      Supreme Court, and clearly appended as an exhibit to petitioner's initial filing.  (ECF No. 1 at 20-

10     26.)  Petitioner could have typewritten or handwritten a protective petition containing the

11     information required by Rule 2 of the Rules Governing Section 2254 Cases.  He was not required

12     to file his petition on the federal form.  Thus, petitioner's argument is unavailing.

13         D. Incorrect Court Address

14             Petitioner also contends that he is entitled to fourteen days' equitable tolling from January

15     21, 2014, through February 4, 2014, due to the prison law librarian providing petitioner with the

16     incorrect address for the state appellate court.  (ECF No. 29 at 6.)  Review of this filing reflects

17     that petitioner intended for the filing to be made in the Third Appellate District, California Court

18     of Appeal, because his filing bears such caption.  (LD 6 at 1.)  However, the fact that prison

19     officials gave a prisoner the wrong address for the courthouse has been held not to constitute

20     extraordinary circumstances.  United States v. Davis, 2007 WL 1108924 (D. Ariz., Apr. 13,

21     2007).  In any event, petitioner failed to show that such two-week delay in having this petition

22     mailed to the proper address "caused" his late filing in federal court.  Rather, the record shows

23     that petitioner diligently mailed the petition to the proper address on February 4, 2014, and then

24     diligently filed in the California Supreme Court on April 9, 2014.  The California Supreme Court

25     denied the petition on May 14, 2014, and petitioner did not file his federal petition until July 23,

26     2014.  (ECF No. 10 at 7-8.)  Because petitioner could not file in federal court until after the

27     California Supreme Court addressed his petition, the two-week delay in filing in the Court of

28     Appeal could not have caused the late filing in federal court.  Nevertheless, petitioner was granted

1   statutory tolling for the entire period during which his state court habeas petitions were pending,

2   including this fourteen day period.  Thus, petitioner is not entitled to additional equitable tolling

3   for this fourteen day period.

4   VII.  Actual Innocence

5          In his opposition, petitioner claims that he is actually innocent of the crimes for which he

6   was convicted, and argues that "access to all discovery and the Reporter's Transcripts will

7   exonerate and over-turn [his] conviction."  (ECF No. 24 at 5.)  Petitioner contends that he did not

8   receive a fair trial.  (Id.)

9          The U.S. Supreme Court has agreed with the Ninth Circuit that the "actual innocence"

10  exception applies to the AEDPA's statute of limitations.  See McQuiggin v. Perkins, 133 S. Ct.

11  1924 (2013); Lee v. Lampert, 653 F.3d 929, 934 (9th Cir. 2011) (en banc).  "[A] credible claim of

12  actual innocence constitutes an equitable exception to AEDPA's limitations period, and a

13  petitioner who makes such a showing may pass through the Schlup gateway and have his

14  otherwise time-barred claims heard on the merits."  Lee, 653 F.3d at 932.  Under Schlup v. Delo,

15  513 U.S. 298 (1995), a petitioner must produce sufficient proof of his actual innocence to bring

16  him "within the 'narrow class of cases . . . implicating a fundamental miscarriage of justice.'"

17  513 U.S. at 314-15 (quoting McCleskey v. Zant, 499 U.S. 467 (1991)).  Evidence of innocence

18  must be "so strong that a court cannot have confidence in the outcome of the trial unless the court

19  is also satisfied that the trial was free of nonharmless constitutional error."  Schlup, 513 U.S. at

20  316.  To pass through the Schlup gateway, a "petitioner must show that it is more likely than not

21  that no reasonable juror would have convicted him in light of the new evidence. . . ."  Id. at 327.

22         Actual innocence in this context "means factual innocence, not mere legal insufficiency."

23  Bousley v. United States, 523 U.S. 614, 623-24 (1998); Jaramillo v. Stewart, 340 F.3d 877, 882-

24  83 (9th Cir. 2003) (accord).  To make a credible claim of actual innocence, petitioner must

25  produce "new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy

26  eyewitness accounts, or critical physical evidence -- that was not presented at trial."  Schlup, 513

27  U.S. at 324.  The habeas court then considers all the evidence:  old and new, incriminating and

28  exculpatory, admissible at trial or not.  House v. Bell, 547 U.S. 518, 538 (2006).  On this

1  complete record, the court makes a "'probabilistic determination about what reasonable, properly

2  instructed jurors would do.'" Id. (quoting Schlup, 513 U.S. at 329).  "The court's function is not

3  to make an independent factual determination about what likely occurred, but rather to assess the

4  likely impact of the evidence on reasonable jurors.  Id. (citing Schlup, 513 U.S. at 329.)

5       Here, other than his unverified, self-serving statements, petitioner provides no new

6  evidence of his actual innocence.  Petitioner refers to aerial photos, an alleged lawful prescription

7  to cultivate marijuana, affidavits in support of search warrants, and allegedly illegal lease

8  contracts.  (ECF No. 24 at 5.)  However, petitioner fails to explain how such items demonstrate he

9  is factually innocent of the underlying crimes.  Indeed, as the Tehama County Superior Court

10  stated, "[f]ailing to object to the testimony of the witness about the existence of aerial

11  photographs does not establish that the People had those photographs nor does it establish that

12  having those photographs, if in fact they existed, would have resulted in a different verdict."

13  (Respondent's Lodged Document 5 at 2.)

14       Because petitioner failed to present "new reliable evidence" to demonstrate a credible

15  claim of actual innocence, he is not entitled to pass through the Schlup gateway.

16  VIII.  Certificate of Appealability

17       For the reasons stated above, the undersigned finds that petitioner has not shown that

18  "jurists of reason would find it debatable whether":  (1) "the petition states a valid claim of the

19  denial of a constitutional right"; and (2) "the district court was correct in its procedural ruling."

20  See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that new petition that repeated claims

21  earlier dismissed without prejudice because they were unexhausted was not second or

22  successive).  Thus, the undersigned declines to issue a certificate of appealability.

23  X.  Conclusion

24       Accordingly, IT IS HEREBY ORDERED that:

25      1.  Respondent's motion to dismiss (ECF No. 21) is granted;

26      2.  This action is dismissed; and

27  ////

28  ////

3.  The undersigned declines to issue a certificate of appealability under 28 U.S.C. § 2253.

Dated:  April 15, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

cw/pryo1521.mtd.hc.sol

14