1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL B. PRYOR,                          No.  2:14-cv-1521 KJN P

12              Petitioner,

13        v.                                     ORDER

14   M. SPEARMAN, WARDEN,

15              Respondent.

16

17   I.  Introduction

18        Petitioner is a former state prisoner proceeding through counsel.  The parties consented to

19   proceed before the undersigned for all purposes.  See 28 U.S.C. § 636(c).  On April 15, 2015,

20   respondent's motion to dismiss was granted, and this action was dismissed without prejudice.

21   Petitioner filed a timely notice of appeal.  On May 27, 2015, petitioner filed a motion to vacate

22   the judgment based on an alleged clerical error.  Fed. R. Civ. P. 60.  Petitioner contends that there

23   was a mistake in docketing the documents filed on June 26, 2014.  Respondent filed no

24   opposition.  After careful review of the pending motion and petitioner's initial submission, the

25   court grants petitioner's motion, and vacates the order dismissing this action.

26   II.  Background

27        By order filed April 15, 2015, the undersigned found that petitioner had until July 11,

28   2014, to file a timely federal petition, and that because he filed his federal petition on July 23,

1

1   2014, the petition is time-barred.  (ECF No. 30.)  Despite petitioner's argument that his initial

2   filing, signed June 5, 2014, was his original federal petition, and that the subsequent petition,

3   signed on July 23, 2014, was his amended petition, the court found that the initial filing was a

4   request for stay and abeyance, which did not meet the requirements of Rule 2, Rules Governing

5   Section 2254 Cases.  (ECF No. 30 at 7-8.)

6          In denying petitioner's requests for equitable tolling, the court found that:

7          a.  The court's August 5, 2014 order did not provide petitioner with equitable tolling, and

8   warned petitioner of the one year statute of limitations period.  (ECF No. 30 at 9.)

9          b.  Petitioner failed to demonstrate that the lack of trial transcripts was the actual "but for"

10   cause of his untimeliness because petitioner was aware of the factual basis of his claims at the

11   time of the 2011 trial.  (ECF No. 30 at 9-10.)

12          c.  Petitioner was not required to file his initial filing on the federal form, but the first

13   twelve pages of petitioner's initial filing did not contain the information required to be construed

14   as a petition (ECF No. 1 at 1-12), and the "MC-275 form provided was a copy of the petition for

15   writ of habeas corpus signed by petitioner on March 13, 2014, and filed in the California Supreme

16   Court, and clearly appended as an exhibit to petitioner's initial filing."  (ECF No. 30 at 11, citing

17   ECF No. 1 at 20-26).

18          d.  Petitioner received statutory tolling for the entire period during which his state court

19   habeas petitions were pending; thus, he was not entitled to additional equitable tolling for the

20   fourteen day period of delay within such period that was caused by the prison law librarian

21   providing petitioner with the incorrect address for the state appellate court.  (ECF No. 30 at 11-

22   12.)

23          Finally, the court found that petitioner failed to present reliable new evidence to

24   demonstrate a credible claim of actual innocence.  (ECF No. 30 at 12-13.)

25          On April 15, 2015, judgment was entered, and on May 1, 2015, petitioner filed a notice of

26   appeal.  On May 5, 2015, the Court of Appeals for the Ninth Circuit opened a docket and

27   assigned Case No. 15-15904.

28   ////

1    III.  Governing Standards

2         Rule 60(a) provides as follows:

3         Corrections Based on Clerical Mistakes; Oversights and Omissions.
          The court may correct a clerical mistake or a mistake arising from
4         oversight or omission whenever one is found in a judgment, order,
          or other part of the record. The court may do so on motion or on its
5         own, with or without notice. But after an appeal has been docketed
          in the appellate court and while it is pending, such a mistake may
6         be corrected only with the appellate court's leave.

7    Fed. R. Civ. P. 60(a).  In Anderson v. Runnels, 2007 WL 1703651 (N.D. Cal. June 12, 2007), the

8    petition was sent via Federal Express and delivered to the clerk's office on December 23, 2003, at

9    11:50 a.m., and forwarded to the pro se unit for processing, but the petition was not processed and

10   stamped filed until January 13, 2004.  The district court found that had the petition been date-

11   stamped on December 23, 2003, or within a few days of receipt, the motion to dismiss on statute

12   of limitations grounds "probably would not have been brought and certainly would not have been

13   granted."  Id. at *1.  In an earlier case, the Ninth Circuit found that the prisoner was entitled to

14   equitable tolling of limitation period where the delay was caused by the clerk's office erroneously

15   refusing to accept the petition for filing based on technical deficiency in the cover sheet.  Corjasso

16   v. Ayers, 278 F.3d 874, 878 (9th Cir. 2002).

17   IV.  Discussion

18        In his motion, petitioner contends that his state court petition should have been filed and

19   separately docketed as petitioner's federal habeas corpus petition.  Petitioner contends that this

20   petition was not submitted as an exhibit, but merely followed petitioner's request for stay and

21   abeyance, and that all of his initial filing was submitted as separate documents.  Petitioner

22   contends that the subsequently-filed petition on the federal form was identical to the state petition,

23   and the points and authorities submitted therewith were almost identical.  Thus, petitioner

24   contends that his initial filing substantially complied with Rule 2; therefore, his state court

25   petition should have been filed as his federal petition, and he should have been granted leave to

26   refile his petition on the proper form.  (ECF No. 3 at 5, citing Williams v. Kullman, 722 F.2d

27   1048, 1051 (8th Cir. 1983), relying on Rules 2(e), Rules Governing Section 2254 Cases.)

28   ////

3

1    Petitioner states that although this is "virtually the remedy provided" by the July 1, 2014 order,

2    petitioner maintains the initial petition should have been accepted for filing on June 26, 2014.

3            Further, petitioner contends that despite the filing of an appeal, his motion is not

4    precluded by the appeal because no appeal has been docketed for lack of a Certificate of

5    Appealability.

6            The undersigned agrees with petitioner that the court should not elevate form over

7    substance in such critical matters.  District courts review the petition and any exhibits and

8    construe the facts in a light most favorable to the petitioner.  See Brock v. Weston, 31 F.3d 887,

9    890 (9th Cir. 1994) (emphasizing district courts' obligation liberally to construe petitioner for

10   writs of habeas corpus).  Accordingly, the undersigned has reviewed the documents contained in

11   petitioner's first filing in light of the pending motion.

12           Initially, the court notes that the twelve page document addressed to this court, filed

13   without benefit of counsel, is not a model of clarity.  Petitioner's typewritten document does not

14   expressly state that he wants the court to construe his state court petition as his federal petition

15   because the statute of limitations period is about to expire.  Even if all of petitioner's documents

16   were separately submitted, the petition for writ of habeas corpus, bearing the State of California,

17   Supreme Court heading, and Case No. S 217813, signed by petitioner on March 13, 2014, was

18   presented with a cover sheet on which is typewritten, "Petition for Writ of Habeas Corpus

19   Submitted to California Supreme Court."  (ECF No. 1 at 19).  It is not unusual for habeas

20   petitioners to submit copies of their state court petitions along with their federal petitions.  If

21   petitioner intended the state court petition to serve as his federal petition, he could have crossed

22   out the caption and handwritten "Eastern District of California," and crossed out his earlier

23   signature and date and added a more current signature and date.  But petitioner also could have

24   simply asked the court to accept his state court petition as his federal petition because his statute

25   of limitations deadline was fast approaching.  Petitioner did not.

26   ////

27   ////

28   ////

4

1   Rather, in his filing clearly titled "Request for Stay and Abeyance -- Protective Order with

2   Leave to [sic][1] and Resubmit Perfected Federal Habeas Corpus Petition. . .," petitioner stated that

3   he requested the court's "permission to file a 'protective petition,'" (ECF No. 1 at 3), suggesting

4   he would do so in the future if the court granted him permission.  Such reading is also supported

5   by the absence of a federal petition.  Petitioner then argues that Pace v. DiGuglielmo, 655 U.S.

6   408, 416 (2005), "provides strong support for the argument that a habeas petitioner's reasonable

7   confusion about a State Court ruling provides 'good cause' for allowing stay and abeyance."

8   (ECF No. 1 at 3.)  After explaining his lack of legal knowledge and difficulties obtaining law

9   library access, petitioner asks the court, *inter alia*, for a "stay and abeyance protective order with

10  leave to amend and resubmit perfected federal habeas corpus petition following receipt of

11  reporter's transcript."  (ECF No. 1 at 5.)  Petitioner states he seeks to preserve time to develop

12  facts underlying his claims, and then "requests leave to amend the petition submitted to the

13  California Supreme Court following receipt of requested Reporters' Transcript."  (ECF No. 1 at

14  6.)  Petitioner adds that the state courts did not give petitioner's claims a proper review, and states

15  that he "requires assistance from the federal courts in order to properly file a petition for writ of

16  habeas corpus."  (ECF No. 1 at 10.)  Petitioner states that "[a]ttached to this notice of intention to

17  appeal to the Federal Judiciary is a copy of the petition filed in the California Supreme Court."

18  (ECF No. 1 at 10.)  "As soon as the State Created Impediments of unlawfully denying this

19  petitioner access to his Transcripts and Discovery are removed, petitioner will have no further

20  need for Equitable Tolling of time and the one year clock to file a perfected petition can restart."

21  (ECF No. 1 at 10.)

22      Thus, because the initial filing was not a federal petition, and did not contain a federal

23  petition, the initial filing could be construed as a request "to file" a federal petition in the future.

24  Alternatively, now reading the submission taking into account petitioner's current position, and

25  with benefit of petitioner's subsequent federal petition that raised no new claims that would

26  require stay and abeyance, petitioner's initial filing could be liberally construed as petitioner

27

28  [1] In retrospect, it appears petitioner meant to type in the word "amend" here, but there is no word typewritten here.

5

1    asking the court to accept his state court petition as the federal petition, under Pace, which he

2    would seek to amend once he received copies of the transcripts.  What tips this construction in

3    petitioner's favor is his critical sentence, midway through his filing, that he "requests leave to

4    amend the petition submitted to the California Supreme Court following receipt of requested

5    Reporters' Transcript."  (ECF No. 1 at 6.)  In retrospect, and liberally construed, petitioner's

6    filing could be read as requesting the court to allow petitioner to file the state court petition as a

7    protective petition under Pace, and allow him additional time to amend once he received the

8    reporter's transcripts.  Such a reading would also support petitioner's request that the state court

9    petition should have been filed as petitioner's initial federal petition because the information

10   contained within the state court petition meets the requirements of Rule 2.

11          In finding that petitioner's typewritten submission directed to this court (ECF No. 1 at 1-

12   12) did not constitute a petition, the undersigned cited numerous cases.[2]  (ECF No. 30 at 8.)

13   However, the initial filings in such cases did not include documents that could be construed as a

14   federal petition, and did not include a request under Pace, or a request for leave to file an

15   amended petition.  (ECF No. 30 at 8.)  Here, petitioner not only referenced Pace and requested

16   leave to amend the state court petition, but also submitted documents demonstrating he had

17   exhausted his state court remedies.  (ECF No. 1.)

18          In Williams, the Eighth Circuit stated that "due to the pro se petitioner's general lack of

19   expertise, courts should review habeas petitions with a lenient eye, allowing borderline cases to

20   proceed."  Id., 722 F.3d at 1050.  Certainly the Ninth Circuit would agree.  Here, petitioner was

---

[2]  Cf. Woodford v. Garceau, 538 U.S. 202, 210 (2003) (request for counsel in capital case is not equivalent to an actual habeas petition for purpose of determining whether AEDPA applies -- "a case does not become 'pending' until an actual application for habeas corpus relief is filed in federal court."); see also Braggs v. Walker, 2011 WL 2709847, *2 (N.D. Cal. 2011) (although the filing of a letter and request for an extension of time commenced the federal action, the filing did not constitute a "pending" habeas petition, and thus the limitations period was not tolled); Miles v. Grounds, 2013 WL 2337912, **4-5 (E.D. Cal. May 28, 2013) (petitioner's correspondence with court and motions for extensions of time "cannot be considered petitions for writ of habeas corpus" for purposes of tolling limitations period); Alexander v. Uribe, 2012 WL 2872809, **2 (E.D. Cal. July 12, 2012) (petitioner's motion for extension of time commenced action, but it did not challenge the merits of his conviction, thus district court considered whether action is timely based on date petitioner filed his petition rather than the motion); Scott v. Swarthout, 2012 WL 2839804, *22 (E.D. Cal. July 10, 2012) ("motion to toll time" did not toll limitations period).

1   more than upfront about his lack of knowledge concerning such filings.  Had the undersigned

2   understood that petitioner, proceeding pro se, intended for the court to consider his state court

3   petition as his federal petition, filed as a protective petition under <u>Pace</u>, the undersigned would

4   have directed the Clerk of the Court to file the state court petition as the federal petition and

5   granted petitioner leave to file an amended petition, as he subsequently did.  Moreover, had the

6   court been aware of such intention during the pendency of the motion to dismiss, the undersigned

7   would have granted equitable tolling for the twelve day period based on the court's

8   misunderstanding of petitioner's pro se filing.  <u>See</u> <u>Corjasso</u>, 278 F.3d at 878.

9       For all of these reasons, petitioner's motion for relief is granted.  The Clerk of the Court is

10   directed to refile the June 26, 2014 filing (ECF No. 1) as follows:

11       Pages 20-49 should be refiled as ECF No. 1, petition for writ of habeas corpus;

12       Pages 50-179 should be refiled as ECF No. 1-1, exhibits to petition;

13       Pages 1-12 should be refiled as ECF No. 1-2, request to file state court petition as a

14   protective federal petition; and

15       Pages 13-19 should be filed as ECF No. 1-3, exhibits.

16       In addition, the Clerk of the Court shall revise the July 28, 2014 entry (ECF No. 10) to

17   read "Amended Petition for Writ of Habeas Corpus."

18       In light of this corrected record, the initial filing was timely because it was received before

19   July 11, 2014, the date the limitations period expired.  (ECF No. 30 at 8.)  Thus, the April 15,

20   2015 order and judgment are vacated, and the Clerk shall reopen this action.  It is unclear whether

21   counsel intends to proceed as counsel for petitioner on habeas review or whether counsel

22   appeared strictly for appellate purposes.  Therefore, counsel for petitioner shall inform the court

23   whether he intends to continue representing petitioner and, if so, whether he contemplates seeking

24   further leave to amend the petition.  Upon receipt of counsel's response, the court will address

25   further briefing in this action.

26       The court has reviewed the docket for the Ninth Circuit Case No. 15-15904, and no appeal

27   has been docketed.  However, in light of this order, it is anticipated that petitioner might withdraw

28   his appeal.

V. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for relief from judgment (ECF No. 37) is granted.

2. The April 15, 2015 order and judgment (ECF Nos. 30, 31) are vacated;

3. The Clerk of Court is directed to:

a. Refile ECF No. 1, Pages 20-49 as ECF No. 1, "petition for writ of habeas corpus";

b. Refile ECF No. 1, Pages 50-179 as ECF No. 1-1, "exhibits to petition";

c. Refile ECF No. 1, Pages 1-12 as ECF No. 1-2, "request to file state court petition as a protective federal petition"; and

d. Refile ECF No. 1, Pages 13-19 should be filed as ECF No. 1-3, exhibits.

e. Revise ECF No. 10 to read "Amended Petition for Writ of Habeas Corpus"; and

f. Reopen this action; and

4. Within fourteen days from the date of this order, counsel for petitioner shall inform the court whether he intends to continue representing petitioner on habeas review, and, if so, whether he contemplates seeking further leave to amend the petition.

Dated:  August 11, 2015

/pryo1521.fb

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE