UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL B. PRYOR,<br><br>    Petitioner,<br><br>    v.<br><br>M. SPEARMAN,<br><br>    Respondent. | No. 2:14-cv-01521 DB<br><br><br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction for marijuana cultivation, possession for sale, and transportation. (ECF No. 1.) Petitioner is presently proceeding on his second amended petition. (ECF No. 60.) Petitioner filed a motion to stay this action while exhausting three of his claims in state court. (ECF No. 61.) Respondent moved to dismiss this action. (ECF No. 63.) Respondent's motion to dismiss doubles as an opposition to the motion to stay. (Id.) Petitioner opposes the motion to dismiss. (ECF No. 67.) Respondent filed a reply memorandum in support of the dismissal motion. (ECF No. 69.) The court held oral argument on the motions and took the matters under submission. (ECF No. 70.) The parties have consented to full magistrate judge jurisdiction. (ECF Nos. 7; 17.)

For the reasons set forth below, petitioner's motion for a stay is granted and respondent's motion to dismiss is granted in part and denied in part.

////

1

**I.     Background**

Petitioner was convicted of marijuana cultivation, possession for sale, and transportation, based on charges that he cultivated marijuana in several locations. (ECF No. 60 at 2.) He was sentenced to a state prison term of nine years, including four years and eight months for on-bail enhancements.[1] (Id.) Three on-bail enhancements were later stricken by the state court of appeal. (Id.) Petitioner has now completed his prison term but remains on parole. (Id.) He was in state prison custody at the time the initial federal habeas petition was filed.

Immediately following his conviction and sentencing, petitioner filed a timely appeal with the Third District of the California Court of Appeals. (Id.) On August 28, 2012, the state court of appeal affirmed the conviction, but ordered multiple on-bail enhancements stricken. (Id. at 3.) A timely Petition for Review was filed with the California Supreme Court. (Id.) The Petition for Review was denied without comment on October 31, 2012. (Id.) The time for seeking certiorari review lapsed on January 30, 2013.

Petitioner filed his first state habeas action in Tehama County Superior Court on December 20, 2013. (Id.) In that petition, it was argued that (1) petitioner received ineffective assistance of counsel for failure to obtain aerial photographs which were taken by a police agent prior to the issuance of the search warrant for petitioner's properties; (2) a defense witness was arrested during trial and threatened with prosecution as a means of making her unavailable as a defense witness; and (3) the prosecution violated its responsibility to disclose exonerating evidence. (Id. at 3-4.) That petition was denied on December 20, 2013. (Id. at 4.) An amended petition was filed and denied by order on February 5, 2014. (Id. at 4.)

On February 7, 2014, the same claims were raised in a habeas corpus petition in the Third District of the California Court of Appeal. (Id.) That petition was denied on February 13, 2014. (Id.) A habeas petition raising the same or similar claims was filed in the California Supreme

---

[1] Cal. Penal Code 12022.1 defines "on-bail enhancement" as a situation where "any person arrested for a secondary offense which was alleged to have been committed while that person was released from custody on a primary offense shall be subject to a penalty enchantment of an additional two years in state prison which shall be served consecutive to any other term imposed by the court."

Court on April 10, 2014, and that petition was denied on May 14, 2014. (Id.)

### A. <u>Initial Federal Petition</u>

A timely habeas corpus petition was filed in this court on a pro se basis on June 26, 2014. (ECF No. 1.) This petition was identical to the petition filed in the California Supreme Court. It raised three issues: (1) ineffective assistance of state trial counsel for failure to interview and subpoena witnesses, failure to lay a proper foundation for the medical marijuana defense, and failure to obtain aerial photographs whose existence became known during the jury trial; (2) prosecution misconduct for harassment of a defense witness, causing her to become unavailable to testify; and (3) prosecution failure to disclose exonerating evidence including the lease/sale agreement for the property, the Proposition 215 authorizations for the cultivation, evidence that the property was in foreclosure, and aerial photographs obtained by a civilian police agent. (Id.)

This petition was initially dismissed as untimely on July 28, 2014; however, petitioner, through counsel, filed a motion for reconsideration, which was granted on August 11, 2015. The court found that the initial filing could be liberally construed as petitioner asking the court to accept the state petition as his federal petition, subject to later amendment. (ECF No. 38.) The clerk of the court was directed to revise docket entry number 10 as "Amended Petition for writ of habeas corpus." (Id.)

On October 14, 2015, counsel was appointed to represent petitioner in this court. The matter was thereafter continued for discovery and to prepare a second amended petition. (ECF No. 43.)

### B. <u>Second Amended Petition</u>

On September 9, 2016, through counsel, petitioner filed his second amended habeas petition. (ECF No. 60.) Generally, petitioner claims that he was denied his federal constitutional rights to due process and effective assistance of counsel. (Id. at 6.) The petition raises the following five claims:

(1) Petitioner was denied Due Process by the state court decision denying a hearing and rendering him unable to challenge the July 30, 2009, search of his properties;

3

|   |   |
|---|---|
| 1 | (2) Petitioner was denied Due Process by the lack of a record of events in the |
| 2 | courtroom while the judge and the attorneys were in chambers; |
| 3 | (3) Petitioner was denied Due Process by the lack of a record of events in chambers |
| 4 | while the judge and the attorneys discussed a defense objection; |
| 5 | (4) Petitioner was denied effective assistance of counsel guaranteed by the Sixth |
| 6 | Amendment, due to (a) failure to preserve a record of events in the courtroom during the in |
| 7 | chambers colloquy; (b) failure to preserve a record of oral proceedings in chambers; (c) failure to |
| 8 | enter the search warrant into the record; and (d) failure to introduce documentation of the county |
| 9 | policies enforcing the Medical Marijuana Program; |
| 10 | (5) Petitioner was denied Due Process by threats to prosecute a defense witness, |
| 11 | Tanya Hale. (Id. at 6-7.) |
| 12 | **C.  Motion to Dismiss** |
| 13 | Respondent moves to dismiss the first four claims of the second amended petition on |
| 14 | several grounds. (ECF No. 63.) Respondent argues that claims one through four are untimely |
| 15 | and must be dismissed with prejudice. (Id. at 8-15.) Respondent further argues that claims two |
| 16 | through four are unexhausted and must be dismissed on that ground as well. (Id. at 16-17.) And |
| 17 | finally, respondent asserts that claims one through three must be dismissed because they fail to |
| 18 | state a claim upon which relief can be granted. (Id. at 17-19.) |
| 19 | In the remainder of the motion, respondent states his opposition to petitioner's request for |
| 20 | a stay to exhaust claims one through four in state court, as well as argues that granting a stay to |
| 21 | exhaust would be futile. (Id. at 19-23.) |
| 22 | **II.  Legal Standard for Motion to Dismiss** |
| 23 | To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a |
| 24 | complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that |
| 25 | is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic |
| 26 | Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court must accept as true the allegations of |
| 27 | the complaint, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and |
| 28 | construe the pleading in the light most favorable to plaintiff, Jenkins v. McKeithen, 395 U.S. 411, |

421 (1969). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts that may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and similar papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986).

### III. Legal Analysis of Motion to Dismiss

#### A. Timeliness of Claims One through Four

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to all petitions for writ of habeas corpus filed after the enactment of AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Thomas v. Chappell, 678 F.3d 1086, 1101 (9th Cir. 2012). Petitioner filed his initial petition on June 26, 2014. Therefore, the filing deadlines of AEDPA apply to the petition.

In most cases, AEDPA requires a state prisoner to seek federal habeas corpus relief within one year after the state conviction becomes final. 28 U.S.C. § 2244(d); Brambles v. Duncan, 330 F.3d 1197, 1201 (9th Cir. 2003), amended in other respects by 342 F.3d 898 (9th Cir. 2003). The period of "direct review" after which the state conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) includes the 90-day period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, even if the petitioner does not actually file such a petition. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). Because the California Supreme Court denied petitioner's appeal on October 31, 2012, the period of direct review ended 90 days later, on January 30, 2013. Thus, the deadline for petitioner to file a petition for writ of habeas corpus in federal court was one year after that, plus any time for tolling.

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). Petitioner filed petitions for habeas corpus in state court before filing this federal petition. Petitioner's final state habeas petition was denied on May 14, 2014. A timely federal petition was filed on June 26, 2014. That petition, however, was filed on a pro se basis and

contained only three claims. (ECF No. 1.)

As noted above, the second amended petition was filed by appointed counsel for petitioner and contains five claims, which do not mirror the language of the initial petition. Respondent argues that claims one through four are untimely because they were filed after the one year deadline (plus tolling) and do not relate back to any of the claims in the initial petition. (ECF No. 63.) Petitioner responds that each of the first four claims relates back to a claim in the initial petition and, therefore, the first four claims of the second amended petition are timely. (ECF No. 67.)

### (1) "Relation Back" Legal Standard

The filing of a petition for writ of habeas corpus in federal court does not toll the AEDPA limitations period. Duncan v. Walker, 533 U.S. 167, 181-82 (2001). But under Federal Rule of Civil Procedure 15(c), a claim stated in a later-amended federal habeas petition may use the filing date of the prior federal petition if that claim "relates back" to a claim in the earlier petition. "Relation back" means there must be a "common core of operative facts" uniting the original and newly exhausted claims. A claim does not relate back if it asserts a new ground for relief supported by facts that differ in both time and type from those set forth in the original pleading. Mayle v. Felix, 545 U.S. 644, 650 (2005); King v. Ryan, 564 F.3d 1133, 1142 (9th Cir. 2009) ("newly exhausted" claims must relate back to previously exhausted claim in original federal petition in order to benefit from the earlier filing date).

The Supreme Court has provided examples of cases where relation back was appropriate. Mayle, 545 U.S. at 664 n.7. For instance, it has noted that relation-back was proper in Mandacina v. United States, 328 F.3d 995, 1000-01 (8th Cir. 2003), where the original petition alleged discovery violations and "the amended petition alleged the Government's failure to disclose a particular report." Mayle, 545 U.S. at 664 n.7 ("Both pleadings related to evidence obtained at the same time by the same police department"). In contrast, a claim that is "separated in time and type" from the prior claim does not relate back; for example, in Hebner v. McGrath, 543 F.3d 1133, 1138 (9th Cir. 2008), the petitioner's claim that jury instructions improperly lowered the government's burden of proof did not relate back to a claim that his due process rights were

violated by the improper introduction of evidence, since these claims did not share a "common core of operative fact." Id. at 1138-39.

When a newly-raised claim in an amended federal petition does not relate back to any claim in the original petition, then that claim's timeliness is calculated from the filing date of the newly-amended petition. Ford v. Gonzalez, 683 F.3d 1230, 1237 n.3 (9th Cir. 2012) ("[A] new claim in an amended petition relates back to avoid a limitations bar . . . only when it arises from the same core of operative facts as a claim contained in the original petition.") quoting Hebner, 543 F.3d at 1138-39.

### (2) Claim 1 of Second Amended Petition

In claim one of the second amended petition, petitioner argues that he was "denied Due Process by the lack of discovery and by the denial of an opportunity to make a well-founded motion to suppress evidence." (ECF No. 60-1 at 13.) Petitioner argues that this claim relates back to the third claim of the original petition. (ECF No. 67 at 3-4.) Claim three in the original petition alleged prosecutorial failure to disclose exonerating evidence, including the lease/sale agreement for the property, the Proposition 215 authorizations for the cultivation, evidence that the property was in foreclosure, and aerial photographs obtained by a civilian police agent. (ECF No. 1 at 21-27.)

According to the second amended petition, the prosecution insisted during discovery that there were no aerial photographs of the property and that no aerial surveillance had taken place. (ECF No. 60-1 at 13.) At trial, Norman Andreini testified that he flew over the property, then entered it the night before the search warrant was executed to verify that the marijuana plants were still there. (Id.) Trial counsel for petitioner objected to this testimony on the ground of late discovery, and requested an in-trial motion to suppress evidence. (Id.) The objection and request for evidentiary hearing were denied by the trial court. (Id.) Claim one of the second amended petition asserts that the ruling by the trial court was unreasonable and unconstitutional. (Id. at 13-18.)

Petitioner argues that the "core of operative facts" of claim one and claim three are the same: (1) Andreini's testimony that he flew over the property, then entered it the night before the

search warrant was served, and (2) the prosecutor's failure to disclose that information, and insistence that no such thing had happened. (ECF No. 67 at 4.) Respondent contends, however, that the second amended petition focuses on trial counsel's late suppression and mistrial motions, demonstrating that the facts necessary to prove petitioner's new claim differ from the facts necessary to pursue previous claim arising from failure to disclose evidence. (ECF No. 69 at 5.)

While claim three in the original petition is a Brady[2] claim that does not refer to a potential motion to suppress, the core operative facts of that claim clearly overlap with the foundation of claim one in the second amended petition. In Mandacina, the original petition alleged discovery violations and "the amended petition alleged the Government's failure to disclose a particular report." 328 F.3d at 1000-01. The Supreme Court, discussing Mandacina, noted that "[b]oth pleadings related to evidence obtained at the same time by the same police department." Mayle, 545 U.S. at 664 n.7. Similarly, in the instant case, both claims relate back to the same alleged non-disclosure by the government. Thus, even if the second amended petition pursues a different legal argument, the foundation of the claim arises from the same core operative fact as claim three of the original petition: the government failed to disclose certain evidence before trial, which led to unconstitutional prejudice against petitioner.

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines, 404 U.S. at 520. In Williams v. Kullman, 722 F.2d 1048, 1050 (8th Cir. 1983), the Eighth Circuit stated that "due to the pro se petitioner's general lack of expertise, courts should review habeas petitions with a lenient eye, allowing borderline cases to proceed." In granting petitioner's motion for relief from judgment, which vacated the earlier dismissal of this case, the former magistrate judge assigned to this matter cited to this same passage in Williams and stated that "[c]ertainly the Ninth Circuit would agree." (ECF No. 38 at 6.) The undersigned adopts that sentiment.

Where the operative facts of claims are the same, petitioner may make adjustments to phraseology and revise the cause of action without violating the relation back doctrine. This is

---

[2] Brady v. Maryland, 373 U.S. 83 (1963) (established that the prosecution must turn over all evidence that might exonerate the defendant to the defense).

8

particularly true where the initial petition was filed without the assistance of counsel, and thus requires a liberal construction. While petitioner has changed the cause of action concerning this claim, he has not changed the core operative facts upon which he relies. Accordingly, claim one relates back to claim three of the original petition and respondent's motion to dismiss claim one is denied.

### (3) Claim 2 of Second Amended Petition

In claim two of the second amended petition, petitioner claims that he was denied due process by the lack of a record of events in the courtroom while the judge and attorneys were discussing the case *in camera*. (ECF No. 60-1 at 18-19.) Specifically, petitioner alleges that while the court reporter was with counsel and the judge in chambers, Andreini remained on the witness stand and conversed with a detective about the case within earshot of the jury. (Id. at 19.) Petitioner contends that the absence of a transcript of this interaction prejudiced him.

Petitioner alleges that this claim relates back to claim three of the original petition.[3] (ECF No. 67 at 4-5.) Claim three of the original petition asserts prosecutorial failure to disclose exonerating evidence including the lease/sale agreement for the property, the Proposition 215 authorizations for the cultivation, evidence that the property was in foreclosure, and aerial photographs obtained by a civilian police agent. (ECF No. 1 at 21-27.) The facts supporting claim three in the original petition focus on what evidence petitioner was entitled to and whether the government withheld that evidence.

The facts supporting claim two of the second amended petition relate solely to conduct that purportedly occurred in the courtroom during petitioner's trial. While Andreini is mentioned in both claims, that is the extent of their relation, as one claim focuses on Andreini's actions

---

[3] Petitioner clouds this argument, however, by asserting that claim two relates to claim one of the second amended petition as well. (ECF No. 67 at 5.) It is not relevant to this analysis that one claim in the second amended petition relates to another claim in the same petition. The purpose of relation back analysis is to determine the connection between a claim filed after the expiry statute of limitations and a claim filed before the expiration. Petitioner presents no legal support for the assertion that this court can tie claim two of the second amended petition to the original petition through another claim in the second amended petition. Accordingly, the undersigned's analysis shall address only the contention that this claim relates back to claim three of the original petition.

9

during trial and the other focuses on Andreini's (and the government's) actions taken before trial. That claims share one fact in common "is not sufficient to conclude that they arise out of a common core of operative facts." Schneider v. McDaniel, 674 F.3d 1144, 1151 (9th Cir. 2012).

Accordingly, claim two does not relate back to the original petition and must be dismissed.

### (4) Claim 3 of Second Amended Petition

Claim three of the second amended petition alleges that petitioner was denied due process by lack of a record of the proceedings in chambers while the judge and attorneys were discussing the case *in camera*. (ECF No. 60-1 at 19-21.) Petitioner alleges that this relates back to claim three of the original petition. For reasons similar to claim two, this claim must also be dismissed as untimely.

In the original petition, petitioner complained of a lack of transcripts amongst his arguments for claim three. He specifically stated that "if petitioner Pryor had a copy of the Reporter's Transcript, this petition could be much more exact in it's [sic] reference to statements from the trial. The fact remains petitioner was denied access to exculpatory evidence which was material and favorable to his defense." (ECF No. 1 at 25.) In his opposition to the dismissal motion, petitioner quotes this passage from the original petition, asserting that it links the original claim to claim three in the second amended petition. Petitioner's reference to transcripts in the original petition is taken out of context, however. The quote is not part of petitioner's substantive claim, but, rather, is an aside noting that, at the time of drafting the original petition, he did not possess **any** transcripts to reference. (Id.) This is far from asserting a substantive claim that the trial court did not create a sufficient record of the proceedings.

Additionally, petitioner argues that claim three of the original petition alleged a broad cover-up orchestrated by the prosecutor's office in keeping certain exculpatory evidence out of petitioner's possession. According to petitioner, the completion of the trial record "was a prerequisite to making an effective argument of lack of disclosure of evidence of illegal search and seizure." (ECF No. 67 at 6.) Thus, it appears, that petitioner is implying that he would have needed the trial court record in order to effectively make the argument of a cover-up by the

prosecutor's office. This, however, does not make claim three of the second amended petition relate any more to claim three of the original petition. The simple fact remains that claim three in the original petition focuses entirely on the government's alleged withholding of exculpatory evidence before trial, while claim three of the second amended petition arises from the trial court's purported error in not maintaining a sufficient record. These are significantly different claims.

Accordingly, the undersigned finds that claim three of the second amended petition does not relate back to the original petition and must be dismissed as untimely.

### (5) Claims 4(a) and 4(b) of Second Amended Petition

Petitioner does not contend that claims 4(a) and 4(b) of the second amended petition relate back to any claim in the original petition. Instead, petitioner only argues that these claims relate to claims two and three of the current petition. (ECF No. 67 at 7.) First, this argument does not comport with the relation back doctrine, which requires a new claim to relate back to a timely claim made in the original petition. See Ford, 683 F.3d at 1237 n. 3.

Second, the undersigned ruled above that claims two and three do not relate back to any claim in the original petition and are therefore untimely. Thus, even if it were legally permissible to extend the relation back doctrine from one claim in a current petition to another, claims 2 and 3 have been dismissed as untimely, so therefore, claims 4(a) and 4(b) would be untimely as well.

Accordingly, claims 4(a) and 4(b) of the second amended petition are untimely and must be dismissed.

### (6) Claim 4(c) of the Second Amended Petition

Petitioner next contends that claim 4(c) relates back to a distinct section of claim one, as well as two sentences from claims two and three of the original petition. (ECF No. 67 at 7-8.) Claim 4(c) alleges that petitioner was denied effective assistance of counsel by the failure to enter the search warrant into the record at trial. (ECF No. 60 at 7.)

First, as with claim three above, petitioner argues that a sentence in the original petition commenting on his lack of documents with which to work on the petition relates to claim 4(c). Specifically, in claim two of the original petition, petitioner states: "Please note: Petitioner could

11

have been more precise in this petition except that he has Not received his copy of Reporter's transcripts, All discovery, including the above referenced documents, probable cause affidavit's search warrants, police reports, investigative notes and reports, interview tapes, notes and documents related to prosecution and defense witnesses, have never been received by this petitioner." (ECF No. 1 at 20.)

Petitioner's reference to the search warrant in the original petition is taken out of context. The quote is not part of petitioner's substantive claim, but, rather, is an aside noting that, at the time of drafting the original petition, he did not possess the search warrant to reference. (Id.) This is far from asserting a substantive claim that the trial court did not create a sufficient record of the proceedings. This is confirmed in the very next sentence of the original petition, in which petitioner states that "[u]pon receipt of these documents, petitioner will be far better able to perfect and amend this petition." (Id.) Thus, as with claim three, the commentary about not having sufficient documentation while drafting the original petition is not relevant to the question of whether claim 4(c) in the second amended relates back.

In claim three of the original petition, petitioner notes that he "has never seen any search warrant, probable cause affidavits, notes related to investigation of his medical marijuana grows himself." (ECF No. 1 at 24.) The substance of claim three of the original petition asserts prosecutorial failure to disclose exonerating evidence including the lease/sale agreement for the property, the Proposition 215 authorizations for the cultivation, evidence that the property was in foreclosure, and aerial photographs obtained by a civilian police agent. (Id. at 21-27.) As with the analysis of claim three of the second amended petition above, there is substantial difference between the operative facts of the original and second amended petition, despite reference to the same document (i.e., the search warrant in this instance).

Claim three in the original petition focuses entirely on the government's alleged withholding of exculpatory evidence before trial, while claim 4(c) of the second amended petition arises from the trial court's purported error in not maintaining a sufficient record. These are significantly different claims dependent upon dissimilar operative facts. While claim 3 of the original petition relies upon evidence that the prosecution inappropriately withheld

documentation before trial, claim 4(c) of the second amended petition depends upon the trial court's failure to maintain an appropriate record. The core operative facts of these claims are wholly different. See Schneider, 674 F.3d at 1151 (that claims share one fact in common "is not sufficient to conclude that they arise out of a common core of operative facts.").

Accordingly, claim 4(c) of the second amended petition does not relate back to the original petition and is therefore untimely.

### (7) Claim 4(d) of Second Amended Petition

Claim 4(d) of the second amended petition contends that petitioner was denied effective assistance of counsel because evidence of California's medical marijuana policies (the basis of petitioner's defense) was not presented at trial. (ECF No. 60-1 at 22-23.) Claim one of the original petition, ineffective assistance of counsel, included petitioner's complaint that counsel failed to "provide expert witnesses to testify that in fact petitioner Pryor's medical marijuana grows were in full compliance with all applicable state laws as outlined in proposition 215." (ECF No. 1 at 12.) Petitioner further noted in the original petition that the trial judge admonished counsel during trial for "failure to lay a proper foundation for admission of medical marijuana evidence[.]" (Id.)

Respondent contends that these claims are so distinct that the relation back doctrine cannot apply because claim one concerned the absence of a marijuana **expert** and claim 4(d) concerned marijuana **policies**. (ECF No. 69 at 8.) To be sure, there is a difference between failure to present policy evidence and failure to present an expert; however, the core operative facts underlying each claim concern same core operative facts: trial counsel did not sufficiently present the medical marijuana defense. As a pro se litigant, petitioner focused on the specific issue of an expert as a means of delivering the medical marijuana defense at trial. (ECF No. 1 at 12.) The second amended petition pursues the same general argument as the original petition, but, as drafted by appointed counsel, claim 4(d) states the issue in broader terms by focusing on the type of evidence an expert witness may have delivered (i.e., testimony concerning medical marijuana laws and policies in California).

////

For these reasons, claim 4(d) of the second amended petition relates back to claim one of the original petition and is therefore timely. Accordingly, the motion to dismiss is denied as to this claim.

**B. <u>Failure to State a Claim in Claim 1 of Second Amended Petition</u>**

Respondent argues that claim one must be dismissed on the merits because it does not raise a federal question. (ECF No. 63 at 18.) In claim one of the second amended petition, petitioner alleges that he was "denied Due Process by the lack of discovery and by the denial of an opportunity to make a well-founded motion to suppress evidence." (ECF No. 60-1 at 13.) Respondent asserts that the hearing process for challenging a search warrant is an issue of state law, Cal. Penal Code § 1538.5, and therefore, petitioner may not challenge the process afforded by the state court in a federal petition. See <u>Gordon v. Duran</u>, 895 F.2d 610, 613-14 (9th Cir. 1990). However, respondent misstates the ultimate conclusion of <u>Gordon</u>.

In <u>Gordon</u>, the petitioner contended that evidence found in his apartment where he was arrested should have been suppressed under the fourth amendment, because the search warrant was based upon false statements. <u>Id.</u> The facts in <u>Gordon</u> were uncertain as to whether the petitioner did in fact litigate a fourth amendment claim in state court, but, nonetheless, the Ninth Circuit ruled that the petitioner could not raise this issue in a federal habeas petition because he had the opportunity to litigate his fourth amendment claim in state court. <u>Id.</u> Under California law, a defendant can move to suppress evidence on the basis that it was obtained in violation of the fourth amendment. See Cal. Penal Code § 1538.5.

The ruling in <u>Gordon</u> does not impede petitioner's claim here though. In <u>Stone v. Powell</u>, 428 U.S. 465, 494-95 (1976), the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Furthermore, "a federal court need not apply the exclusionary rule on habeas review for a Fourth Amendment claim **absent a showing that the state prisoner was denied an opportunity for full and fair litigation of that claim at trial and on direct review.**" <u>Id.</u> (emphasis supplied). Here, petitioner alleges that he was denied "an opportunity

for full and fair litigation" of his fourth amendment claim because the trial court never held a hearing on his motion, despite statutory authority for such a hearing. Accordingly, petitioner presents a cognizable federal habeas claim that he was denied due process through the trial court's failure to grant him a hearing on his fourth amendment claim.

For these reasons, respondent's motion to dismiss claim one on the merits is denied.

### C. Exhaustion of Claims

Finally, respondent argues that claims two through four are unexhausted and must be dismissed. As the court has already dismissed claims 2, 3, 4(a), 4(b), and 4(c), the undersigned need not address this argument for those claims. As for claim 4(d), the court will address the exhaustion issue in the context of petitioner's motion to stay below.

## IV. Motion to Stay

Petitioner requests a stay pursuant to Rhines v. Weber, 544 U.S. 269, 275-76 (2005), asserting that claim 4(d) is supported by evidence of Tehama County policies to implement the California Medical Marijuana Program, which must be presented to the state courts. (ECF No. 61.) Petitioner argues that claim 4(d) depends upon the introduction of the county protocols concerning medical marijuana; the protocols are not available online, and so, they were obtained by investigation services, which were available only after petitioner's release from prison and the appointment of counsel. (ECF No. 67 at 17.)

Rhines identified "limited circumstances" in which a district court may stay an entire mixed petition -- including the unexhausted claims -- while a petitioner attempts to exhaust the claims in state court. Rhines, 544 U.S. at 277-78. Such a stay and abeyance is only appropriate where: (1) the petitioner has "good cause" for his failure to exhaust in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics. Rhines, 544 U.S. at 278. The Ninth Circuit has clarified that "good cause" for failure to exhaust does not require "extraordinary circumstances." Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005).

Here, the court finds that petitioner has met the criteria set forth in Rhines for the issuance of a stay. Petitioner satisfies the "good cause" requirement by his showing that he was limited in

his ability to obtain the evidence in question by his imprisonment. Respondent does not challenge the assertion that the evidence in question required investigatory services not available to petitioner when he was incarcerated. Additionally, the unexhausted claim is cognizable and there is no indication that petitioner intentionally engaged in dilatory litigation tactics.

Accordingly, petitioner's motion for stay and abeyance is granted.

## V. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to stay (ECF No. 61) is granted;

2. Respondent's motion to dismiss (ECF No. 63) is granted in part and denied in part;

3. Petitioner may proceed with claims 1, 4(d), and 5 of the second amended petition;

4. This action is hereby stayed, and the Clerk of Court is directed to administratively close the case;

5. Petitioner shall file and serve a status report in this case on the first court day of each month; and

6. Petitioner shall file a motion to lift the stay of this action within thirty days after petitioner is served with the California Supreme Court's order disposing of his state exhaustion petition.

Dated: July 5, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

TIM-DLB:10
DB / ORDERS / ORDERS.PRISONER.HABEAS / pryo.1521.mtd_v2

16